Campbell, Chief Justice,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff is a land-aided railroad as to part of the lines included in its system. It had a contract for carrying the *46 mails when tbe act of May 27,1908,35 Stat., 412, was enacted. By that act the Postmaster General was required to withdraw from the mails certain specified articles, including “ empty mail bags,” in the respective weighing divisions of the country immediately preceding the weighing period in said divisions, and thereafter to transmit the same by either freight or express. Said action was to be taken when the excluded articles were “in freightable lots and whenever practicable.”
Prior to the quadrennial weighing in the division which included plaintiff’s lines, the empty mail bags were withdrawn in accordance with said act, and their weight was not included in the average weight of the mails upon which plaintiff’s compensation for the quadrennial period commencing July 1, 1910, was adjusted. The empty mail bags were transported by freight.
Prior to the act of 1908 the custom was to weigh the empty mail bags as part of the mails and to include their weight in ascertaining the average weight of the mails.
The plaintiff “presents two questions for consideration: (1) Could the empty mail bags be lawfully withdrawn from the mails merely for the purpose of reducing claimant’s compensation for mail transportation service, (2) and assuming that said empty mail bags were lawfully withdrawn from the mails and shipped by freight, were they ‘ property ’ of the United States within the purview ” of the land-grant acts of 1853 and 1866 ?
There is no merit in the suggestion that the act of 1908 is unconstitutional. The Postmaster General acted in accordance with the requirements of said act. The power possessed by Congress to establish post offices and post roads embraces the regulation of the entire postal system of the country. “The right to designate what shall be carried necessarily involves the right to determine what shall be excluded.” Ex parte Jackson, 96 U. S., 727, 732; Public Clearing House v. Coyne, 194 U. S., 497. The contract under which plaintiff was transporting mails in 1908 and up to the beginning of the quadrennial period of 1910 was not affected. The act in nowise impaired the obligation of a contract. “Empty mail bags” could not have been re- *47 garcled as part of the mails except Congress or lawful regulations authorized them to be so, and when Congress required their withdrawal they ceased to be part of the mails for any purposes of weighings. The plaintiff was not entitled to have their weight added to the average weight of the mails as ascertained after their exclusion.
That the empty mail bags transmitted by freight were property of the United States can not be questioned. The land-grant acts of 1853, 10 Stat., 155, and of 1866, 14 Stat., 338, applicable to plaintiff’s line in question, provide for the transportation of “ all property and troops of the United States” over said railroad at the cost, charge, and expense of the company owning or operating the road, when so required by the Government of the United States. The words “ all property ” can not be restricted to impedimenta or property connected with or appertaining to the Military Establishment of the Government. The fact that “troops of the United States” are also to be transported free does not qualify or limit the former phrase.
Said land-grant acts imposed an obligation upon plaintiff to transport the empty mail bags as freight because they were property of the United States.
It follows that the petition should be dismissed, and judgment rendered in favor of the United States against the claimant for the cost of printing the record in this cause in the sum of $12.22, to be collected by the clerk as provided by law. And it is so ordered.
Hay, Judge; DowNey, Judge; BaeNey, Judge; and Booth:, Judge, concur.